**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|                                    :  |                            |
| :--- | :--- |
| MUHSIN HANIF ABDUR-RAHIIM,       :     | Civil No. 07-1339 (RMB)   |
|                                  :     |                            |
|               Petitioner,        :     |                            |
|                                  :     | **M E M O R A N D U M**   |
|               v.                 :     | **O P I N I O N**         |
|                                  :     | **A N D**                 |
| PAUL SCHULTZ,                    :     | **O R D E R**             |
|                                  :     |                            |
|               Respondent.        :     |                            |
|                                  :     |                            |

---

IT APPEARING THAT:

1.    The proceedings in this legal action have been initiated on
      March 22, 2007, by Muhsin Hanif Abdur-Rahiim ("Petitioner")
      filing of (a) Petition for a Writ of Habeas Corpus pursuant to
      28 U.S.C. § 2241 ("Petition"), (b) application to proceed <u>in
      forma pauperis</u>, and (c) Petitioner's Memorandum of Law
      ("Memorandum").   <u>See</u> Docket Entry No. 1.

2.    In his Petitioner, Petitioner sought to vacate his judgement
      of conviction and his sentence entered by the Superior Court
      of the District of Columbia on the date unstated in the
      Petition but clearly prior to August 26, 2002.  <u>See</u> Mem. at 1.

3.    Petitioner asserted that, on August 26, 2002, Petitioner filed
      with the Superior Court of the District of Columbia his
      application pursuant to D.C. Code § 23-110, seeking to vacate
      his conviction.  <u>See</u> <u>id.</u>  On February 26, 2004, the Superior
      Court of the District of Columbia denied Petitioner's § 23-110

application.  On April 19, 2004, Petitioner filed his appeal with the Superior Court of the District of Columbia, Appellate Division, challenging denial of his § 23-110 application.  <u>See</u> <u>id.</u> at 2.  On an unstated date, but clearly prior to November of 2004, the Appellate Division dismissed Petitioner's appeal.  <u>See</u> <u>id.</u>  In November of 2004, Petitioner filed his application with the Appellate Division requesting rehearing <u>en</u> <u>banc</u>.  <u>See</u> <u>id.</u> at 3.  On January 11, 2005, the <u>en</u> <u>banc</u> panel dismissed Petitioner's application for rehearing.  <u>See</u> <u>id.</u>

3.   Petitioner also asserted that, on April 29, 2005, Petitioner, being incarcerated in a federal correctional institution located in the state of Kentucky, filed his application pursuant to 28 U.S.C. § 2254 with the United States District Court for the Eastern District of Kentucky.  <u>See</u> <u>id.</u>  On January 26, 2006, the District Court for the Eastern District of Kentucky dismissed Petitioner's § 2254 Petition on the grounds that the court lacked jurisdiction to entertain Petitioner's § 2254 petition.  <u>See</u> <u>id.</u>

4.   Petitioner also asserted that he filed an application with the United States District Court for the District of Columbia, basing that application on D.C. Code § 16-1901.  <u>See</u> <u>id.</u> at 3-4.  In a memorandum opinion, the District Court for the District of Columbia explained to Petitioner that all challenges to judgements of conviction entered by the Superior

Court of the District of Columbia must be pursued under D.C. Code § 23-110. See id. at 12 (reproducing Abdur-Rahiim v. Schultz, 06-852, at 1 (D.C. May 8, 2006)). Moreover, the District Court for the District of Columbia clarified that § 16-1901 challenges are permissible only in the event Section 23-110 is an inadequate or ineffective remedy. See id. Since Petitioner did not make a showing that Section 23-110 was either inadequate or ineffective but merely asserted that Petitioner's § 23-110 application was unsuccessful, the District Court for the District of Columbia concluded that it lacked jurisdiction to entertain Petitioner's § 16-1901 application and dismissed the latter without prejudice. See id. at 4; Abdur-Rahiim v. Schultz, 06-852, at 2 (Memorandum Opinion), and Abdur-Rahiim v. Schultz, 06-852, at 1 (accompanying Order).

5.   On March 22, 2007, Petitioner, being currently incarcerated in F.C.I. Fairton, Fairton, New Jersey, filed the instant Petition styling it as an application pursuant to 28 U.S.C. § 2241, but still challenging his conviction and sentence entered by the Superior Court of the District of Columbia. See generally, Pet. and Mem.

6.   On April 19, 2007, this Court issued an order ("April 2007 Order") denying Petitioner's § 2241 motion for lack of jurisdiction and detailing to Petitioner the interplay between

federal habeas law and § 23-110.  <u>See</u> Docket Entry No. 2.

7.   Fourteen months later, on August 18, 2008, the Clerk received from Petitioner a motion for reconsideration of the April 2007 Order, styled as a "Motion to Withdraw Mandate." <u>See</u> Docket Entry No. 3.  The motion, a ten-page document, was largely dedicated to the merits of Petitioner's claim, restating Petitioner's assertions that his counsel was ineffective and his trial judge erred in charging the jury as to an element of the offence of which Petitioner was convicted. <u>See</u> <u>id.</u> at 5. However, Petitioner's motion also addresses the jurisdictional bar, since Petitioner asserts that § 23-110 is an inadequate and ineffective remedy to challenge Petitioner's detention because Petitioner is "actually innocent." <u>See</u> <u>id.</u> at 7.

8.   It appears apparent that Petitioner's motion for reconsideration is woefully time-barred, since it was executed on August 13, 2008 (and was received by the Clerk on August 16, 2008, suggesting that the motion was handed by Petitioner to his prison officials for mailing sometimes between these two dates).  Procedurally, Local Rule 7.1(I) requires that a motion for reconsideration be "served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(I).  In the instant case, the Court entered its December Order on December 20, 2008.   <u>See</u> Docket Entry No. 3.

Petitioner's Motion, however, was executed on January 4, 2008, that is, fifteen days after the entry of the December Order. See Mot. at 11-12. The Motion, therefore, is untimely and should be denied. However, this Court recognizes that it is especially important that the Court be lenient in enlarging the deadline for reconsideration where the original order under attack was the product of the preliminary review of a pro se application. The opportunity for the Court to take a second look at its dismissal order through reconsideration of something that may have been unclearly stated in such pro se application certainly advances fairness to pro se litigants like Petitioner. This Court, therefore, grants Petitioner's request for reconsideration in the sense that the Court will examine those allegations made by Petitioner that aim to cure the jurisdictional defect. See Pena-Ruiz v. Solorzano, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. June 10, 2008).

9.   However, so examined, Petitioner's motion is without merit. A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect. A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. Moreover, a claim of actual innocence requires a petitioner to show: (a) new reliable evidence not

available for presentation at the time of the challenged trial; and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324 (1995). Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327). Here, Petitioner's motion does not indicate that his application is being made on the basis of new reliable evidence not available for presentation at the time of the challenged trial. See Docket Entry No. 3. Rather, the motion makes it unambiguously clear that it is based on the very same procedural challenges that became available to Petitioner right after the trial and served as bases for his § 23-110 application. Consequently, this Court is constrained to reiterate its previous finding that the Court lacks jurisdiction to entertain Petitioner's § 2241 Petition, and shall dismiss the Petition on these grounds.

**THEREFORE, IT IS on this 3rd day of September 2008,**

**ORDERED** that Petitioner's motion for reconsideration is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall reopen this matter

to entertain the petitioner's application for reconsideration; and it is further

ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED; and it is further

ORDERED that the Clerk shall serve a copy of these Memorandum Opinion and Order by regular mail upon Petitioner; and it is finally

ORDERED that the Clerk of the Court shall close the file on this matter.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge